IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ROBERT W. DAVIS,

    Plaintiff,

v.

Case No.:

CROSSFIT HARDBODIES, LLC, a
Florida limited liability company,
EDSON SANTOS, an individual, and
FORTUNE SANTOS, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERT W. DAVIS ("Davis"), by and through his undersigned counsel, sues Defendants, CROSSFIT HARDBODIES, LLC, ("Crossfit Hardbodies"), EDSON SANTOS, and FORTUNE SANTOS, and states as follows:

1. This action is brought by the Plaintiff alleging violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. This Court has federal question jurisdiction. The Plaintiff also alleges unpaid wages violations under Florida Statute Chapter 448, worthless check violations under Florida Statute Chapter 68, and other state law claims over which this Court has pendent jurisdiction under 28 U.S.C. § 1367.

## PARTIES AND VENUE

2. Venue is proper in this jurisdiction where the actions giving rise to the cause of action occurred in Port Saint Lucie, Saint Lucie County, Florida, and where the defendants all reside or work in Port Saint Lucie, Saint Lucie County, Florida.

3. Plaintiff, Robert W. Davis, is an individual over the age of 18 and is a resident of the

State of Florida.

4. Defendant, Crossfit Hardbodies, LLC is a Florida limited liability company, which at all relevant times to this action, was doing business in Port Saint Lucie, Saint Lucie County, Florida with its principal place of business in Port Saint Lucie, Florida.

5. Defendant Edson Santos is an individual over the age of 18 residing within the State of Florida, and doing business within Port Saint Lucie, Saint Lucie County, Florida as a member-manager of Crossfit Hardbodies, LLC.

6. Defendant Fortune Santos is an individual over the age of 18 residing within the State of Florida, and doing business within Port Saint Lucie, Saint Lucie County, Florida as a member-manager of Crossfit Hardbodies, LLC.

## COMMON ALLEGATIONS

7. Plaintiff Davis became employed with the Defendants on or about September 27, 2010 until his voluntary separation on or about March 18, 2011.

8. Crossfit Hardbodies operates a for-profit gym located at 446 Lake Whitney Place in Port Saint Lucie, Florida, providing to its members for a monthly fee personal trainer services, boot camp classes and Crossfit-style workouts. Crossfit Hardbodies also sells diet, nutrition and vitamin products and services to its members.

9. Plaintiff was a personal trainer/Crossfit trainer for Crossfit Hardbodies, and also performed janitorial and maintenance services for the gym, as well as advertising and marketing for Crossfit Hardbodies.

10. Plaintiff's job duties were such that he/himself was individually and regularly engaged in interstate commerce sufficient to trigger individual coverage under the Fair Labor Standards Act, including but not limited to handling records for and completing interstate

transactions via telephone and internet, and selling and handling goods which moved in interstate commerce.

11. Plaintiff is a non-exempt employee and is otherwise entitled to minimum wages and overtime payments under the Fair Labor Standards Act.

12. Defendants Edson and Fortune Santos acted and act directly in the interests of Defendant Crossfit Hardbodies, LLC, exercise control over the nature and structure of employment relationships and operational control over the LLC as a whole, and therefore are an employer within the meaning of the Fair Labor Standards Act.

## COUNT I - VIOLATIONS OF FAIR LABOR STANDARDS ACT - MINIMUM WAGE
(Against All Defendants)

13. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff is a covered, non-exempt employee and is entitled to a minimum wage for all hours worked.

15. During the weeks from September 27, 2010 through October 29, 2010, the Plaintiff was not paid at all by the Defendants.

16. During the weeks from September 27, 2010 through October 29, 2010, the Plaintiff was due at least a minimum wage of $7.25 per hour for all hours worked.

17. Thereafter, from October 30, 2010 forward, while Plaintiff received a wage from Defendants, during at least 7 weekly pay periods, the wage was not sufficient to constitute a minimum wage for the hours worked. During those weeks, the Plaintiff was due at least a minimum wage of $7.25 per hour for all hours worked.

18. Additionally, at the end of his employment, the Plaintiff was not paid at all by the Defendants for the weeks of March 6, 2011 through March 11, 2011 and March 12, 2011

through March 18, 2011.

19. During the weeks from March 6, 2011 through March 11, 2011 and March 12, 2011 through March 18, 2011, the Plaintiff was due at least a minimum wage of $7.25 per hour for all hours worked.

20. The Defendants' failure to compensate Plaintiff by paying him a minimum wage is in violation of the Fair Labor Standards Act pursuant to 29 U.S.C. § 206.

21. The Defendants' failure to pay Plaintiff a minimum wage was the result of intentional, willful misconduct.

22. As a direct and proximate result of the Defendants' action, Plaintiff has obtained counsel to represent him in this action, and has agreed to incur reasonable attorney's fees and costs for prosecution of this matter. As a result, Plaintiff is entitled to reimbursement or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

23. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

24. As a result of Defendants' conduct, Plaintiff is entitled to unpaid minimum wages and liquidated damages.

WHEREFORE, Plaintiff, ROBERT W. DAVIS, seeks judgment in his favor against the Defendants, CROSSFIT HARDBODIES, LLC, EDSON SANTOS, and FORTUNE SANTOS for unpaid minimum wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216 and any further such relief as this Court deems appropriate.

## COUNT II - VIOLATIONS OF FAIR LABOR STANDARDS ACT - OVERTIME
(Against All Defendants)

25. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

26. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

27. Plaintiff worked in excess of 40 hours per week for all but three of the weeks that he worked for the Defendants from September 27, 2010 through March 18, 2011 without being fully compensated for all overtime benefits due him by Defendants.

28. The Defendants failed to compensate Plaintiff up to one and a half times his hourly rate for all work performed in excess of 40 hours.

29. The Defendants' failure to compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 207.

30. The Defendants' failure to pay Plaintiff overtime wages was the result of intentional, willful misconduct.

31. As a direct and proximate result of the Defendants' action, Plaintiff has obtained counsel to represent him in this action, and has agreed to incur reasonable attorney's fees and costs for prosecution of this matter. As a result, Plaintiff is entitled to reimbursement or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

32. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

33. As a result of Defendants' conduct, Plaintiff is entitled to unpaid overtime wages and liquidated damages.

WHEREFORE, Plaintiff, ROBERT W. DAVIS, seeks judgment in his favor against the

Defendants, CROSSFIT HARDBODIES, LLC, EDSON SANTOS, and FORTUNE SANTOS for unpaid overtime wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216 and any further such relief as this Court deems appropriate.

### COUNT III - UNPAID WAGES - CH. 448, FLORIDA STATUTES
### (Against all Defendants)

34. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

35. Plaintiff was entitled to wages and compensation which remain unpaid by the Defendants, including but not limited to:

    a. a bonus promised by the Defendants of $50 per person that he recruited to sign up as a member of Crossfit Hardbodies during his employment; and

    b. reimbursement of expenses incurred as a condition of his employment, including but not limited to a Crossfit trainer certification course that he was required to attend at a cost of $1,000.00, reimbursement for an advertisement for Crossfit Hardbodies that he was asked to place on his personal vehicle at a cost of $265.00, and for reimbursement for the failure to pay the employer share of Medicare and social security taxes due on the wages Plaintiff was paid.

36. Bonuses and reimbursements of expenses constitute wages for the purpose of Florida Statute Chapter 448.

37. Defendants' failure to pay Plaintiff his bonuses and reimbursement of expenses is a violation of Florida Statute Chapter 448.

38. As a direct and proximate result of the Defendants' action, Plaintiff has obtained counsel to represent him in this action, and has agreed to incur reasonable attorney's fees and costs for prosecution of this matter. As a result, Plaintiff is entitled to reimbursement or

an award of reasonable attorney's fees and costs pursuant to Fla. Stat. 448.08.

39. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

40. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages.

WHEREFORE, Plaintiff, ROBERT W. DAVIS, seeks judgment in his favor against the Defendants, CROSSFIT HARDBODIES, LLC, EDSON SANTOS, and FORTUNE SANTOS for unpaid wages, prejudgment interest, reasonable attorney's fees and costs pursuant to Fla. Stat. 448.08 and any further such relief as this Court deems appropriate.

## COUNT IV - WORTHLESS CHECK (§ 68.065, Fla. Stat.)
(Defendant CROSSFIT HARDBODIES only)

41. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

42. On March 16, 2011, Defendant CROSSFIT HARDBODIES' Check No. 537 in the amount of $265.00 was issued to Plaintiff as purported reimbursement for the Plaintiff's procurement and placement of a Crossfit Hardbodies advertisement on his personal vehicle.

43. On or after March 18, 2011, Defendant CROSSFIT HARDBODIES' Check No. 537 was refused and returned by Bank of America due to the Defendant having placed a stop payment on the check.

44. Defendant CROSSFIT HARDBODIES stopped payment on Check No. 537 after Plaintiff's resignation and with the intent to defraud him.

45. Pursuant to Fla. Stat. §68.065(3) (2011), Plaintiff sent a statutory demand letter to Defendant CROSSFIT HARDBODIES via certified mail for payment of the above-referenced dishonored check on or about June 10, 2011, a copy of which is attached

hereto as <u>Exhibit A</u>. Defendant received this letter on or about June 11, 2011, as evidenced by PS Form 3811, a copy of which is attached hereto as <u>Exhibit B</u>.

46. Despite demand, Plaintiff has not received payment of this dishonored check from Defendant.

47. Defendant is liable for the court costs and reasonable attorneys' fees of the Plaintiff pursuant to Fla. Stat. §68.065(1) (2011). Plaintiff is obligated to pay its undersigned counsel a fee for their services in this action, the reasonable amount of which it claims against Defendant.

48. Pursuant to Fla. Stat. §68.065(1)-(2) (2011), Plaintiff claims damages in the following amounts, in addition to prejudgment interest from the date of the dishonored check, court costs and reasonable attorneys' fees:

   a. The balance due on the dishonored checks:  $ 265.00
   b. Three (3) times the face value of the checks: $ 795.00
   c. Statutory service charge:                    $  30.00
      **Damages**:                                 $1,090.00

WHEREFORE, Plaintiff demands judgment for damages against Defendant CROSSFIT HARDBODIES in the amount of $1,090.00, together with interest, reasonable attorneys' fees and costs of this action pursuant to Fla. Stat. §68.065(1) - (2) (2011).

<u>COUNT V - WORTHLESS CHECK (§ 68.065, Fla. Stat.)</u>
(Defendant CROSSFIT HARDBODIES only)

49. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

50. On March 18, 2011, Defendant CROSSFIT HARDBODIES' Check No. 540 in the amount of $450.00 was issued to Plaintiff as regular wages for the March 6, 2011 through March 11, 2011 pay period.

51. On or after March 18, 2011, Defendant CROSSFIT HARDBODIES' Check No. 540 was

refused and returned by Bank of America due to the Defendant having placed a stop payment on the check.

52. Defendant CROSSFIT HARDBODIES stopped payment on Check No. 540 after Plaintiff's resignation and with the intent to defraud him.

53. Pursuant to Fla. Stat. §68.065(3) (2011), Plaintiff sent a statutory demand letter to Defendant CROSSFIT HARDBODIES via certified mail for payment of the above-referenced dishonored check on or about June 10, 2011, a copy of which is attached hereto as Exhibit A. Defendant received this letter on or about June 11, 2011, as evidenced by PS Form 3811, a copy of which is attached hereto as Exhibit B.

54. Despite demand, Plaintiff has not received payment of this dishonored check from Defendant.

55. Defendant is liable for the court costs and reasonable attorneys' fees of the Plaintiff pursuant to Fla. Stat. §68.065(1) (2011). Plaintiff is obligated to pay its undersigned counsel a fee for their services in this action, the reasonable amount of which it claims against Defendant.

56. Pursuant to Fla. Stat. §68.065(1)-(2) (2011, Plaintiff claims damages in the following amounts, in addition to prejudgment interest from the date of the dishonored check, court costs and reasonable attorneys' fees:

    a. The balance due on the dishonored checks: $   450.00
    b. Three (3) times the face value of the checks: $1,350.00
    c. Statutory service charge: $     40.00
    **Damages**: $1,840.00

WHEREFORE, Plaintiff demands judgment for damages against Defendant CROSSFIT HARDBODIES in the amount of $1,840.00 together with interest, reasonable attorneys' fees and

costs of this action pursuant to Fla. Stat. §68.065(1) - (2) (2011).

## COUNT VI - DEFAMATION/SLANDER
### (Against all Defendants)

57. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

58. Plaintiff was and is a person of good name, credit and reputation and has enjoyed the esteem and good opinion of clients, customers, friends and others who know him.

59. Defendants knew of the good name, credit and reputation of Plaintiff.

60. While employed with Defendants, Plaintiff took a certification course and became a certified Crossfit instructor. Plaintiff took the certification course because the Crossfit Hardbodies gym was required to have at least one Crossfit certified instructor working there in order to maintain its affiliate status with Crossfit's corporate entity, and Edson and Fortune Santos had both failed to maintain their own certifications.

61. Defendants knew that he had registered to take and had attended the certification course and obtained his Crossfit instructor certification, as they had required that he obtain the certification for their benefit.

62. Despite this knowledge, after Plaintiff's separation from employment with Defendants, the Defendants began telling Crossfit Hardbodies members and resigning members that Plaintiff was not a certified Crossfit instructor.

63. Defendants' statements that Plaintiff was or is not a certified Crossfit instructor are false, scandalous and defamatory.

64. Defendants furthermore reported to Crossfit Hardbodies members and resigning members that the Plaintiff had stolen members' credit card information and was falsely charging them, despite the charges to members showing up from Crossfit Hardbodies' telephone

line/credit card machine.

65. Defendants made such statements knowing of their falsity.

66. Defendants made such statements maliciously, willfully and deliberately disregarded the truth for their own benefit.

67. As a result, Plaintiff was injured in his good name, credit and reputation and has been injured in his relations with others in the community and in his business.

WHEREFORE, Plaintiff demands judgment for damages against Defendants CROSSFIT HARDBODIES, LLC, EDSON SANTOS, and FORTUNE SANTOS for compensatory and punitive damages, and any further such relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

*/s/ Deborah L. Sanders*
DEBORAH L. SANDERS, ESQUIRE
Florida Bar No. 659509
Email: dls@crarybuchanan.com
CRARY BUCHANAN LAW OFFICES
759 S.W. Federal Hwy, Suite 106
Post Office Drawer 24
Stuart, Florida 34995-0024
Telephone: (772) 287-2600
Facsimile: (772) 287-0115
Attorneys for the Plaintiff